UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FARSHAD FARYABI,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES LAW ENFORCEMENT,<br><br>  Defendant. | Case No. C07-1867-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Farshad Faryabi, appearing *pro se*, recently filed an application to proceed *in forma pauperis* ("IFP") and a proposed complaint against "United States Law Enforcement." Dkt. No. 1-1. On November 27, 2007, this Court determined that plaintiff's IFP application contained certain deficiencies, which it ordered plaintiff to correct before his case could proceed. Dkt. No. 3. Plaintiff replied to that Order, and appears to have corrected the deficiencies outlined by the Court. Dkt. No. 4. The plaintiff's proposed complaint, his IFP application, and the complete record in this case are now before the Court.

Plaintiff's complaint is nearly incomprehensible. It mentions an "international criminal court," "too much illegal exams," and "discrimination by law enforcement," states that the "police and FBI don't care about my retorts," and alleges that some sort of "telepathic practice" prevented him from "getting more work hours" in some undefined "area." Dkt. No. 1-1. An assortment of injuries are claimed, including the following: "I got some side effects as

REPORT AND RECOMMENDATION
PAGE – 1

heart problems and bread problems and nerve pain. I have some voice reflection in my hear [e]specially when I am writing and reading and working. I hear some ultra sonic waves in every night. I can not sleep. I had bread problems and hear problems too." *Id.* Tax return and W-2 paperwork is attached to plaintiff's proposed complaint, but no legal or equitable remedy has been requested.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff fails to allege sufficient facts to place the defendant on notice of the nature of his claims or otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). Furthermore, any attempts to cure the extreme deficiencies in this case would be futile. Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6). The fact that plaintiff is not a prisoner does not change this conclusion. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

The Court advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

Because of the extreme deficiencies in plaintiff's proposed complaint, his request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C.

REPORT AND RECOMMENDATION
PAGE – 2

01  § 1915(e)(2)(B). As a result, plaintiff's proposed motion for court-appointed counsel (Dkt.

02  No. 1-2) is DENIED as moot. A proposed Order of Dismissal accompanies this Report and

03  Recommendation. If plaintiff believes that the deficiencies outlined herein can be cured by an

04  amendment to his complaint, he should lodge an amended complaint as a part of his objections,

05  if any, to this Report and Recommendation.

06        DATED this 11th day of December, 2007.

07

08  *James P. Donohue*

      JAMES P. DONOHUE

09        United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3